PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ RODRÍGUEZ, Defendant and Appellant.

No. 4813. Argued February 9, 1933.—Decided May 10, 1933.

*Celestino Iriarte* and *F. Fernández Cuyar* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Rodríguez was charged with murder in having shot and killed Andrés Encarnación, also known as Andrés Osorio. After a trial the jury found the defendant guilty of voluntary manslaughter and the court sentenced him to two years in the penitentiary at hard labor. Assigned as errors are first, that the judgment (*sic*) is contrary to the proof, second, that the court was affected by passion, prejudice, and partiality.

The summation of the evidence by the defendant in his brief is as follows: That on the night of the 11th or the morning of the 12th of October, 1930, a ball took place at the house of Valeriano Hernández, in the ward of Barraza, Carolina, and José Rodríguez and other persons were there; that after the commencement of the ball, another group, among whom was the deceased, Andrés Osorio, came along and was permitted to enter for the purpose of taking part in the ball; that a short time thereafter a quarrel arose between one or more of the persons in the group recently arrived and those who were already there; that according to some of the witnesses the quarrel only amounted to an interchange of words, while according to others bottles were thrown and blows delivered; that when Valeriano Hernández announced that the

ball was over and they all should leave the house, the Osorio group (the later arrivals) went out towards Santurce, and that a little later Rodríguez and others went out in the same direction in order to accompany to their houses some young women who were at the ball; after going over a distance of two kilometers and after leaving the young women at their houses, almost in front thereof, a general fight (*refriega*) arose between the two bands; that finally when the two groups separated, some one of the Rodríguez group fired a shot and because of this shot the deceased and the others of his group retired on the run and that thereupon two or three more shots were fired, but that their origin was not determined; that some witnesses said that they saw Osorio fall while running and others said that they did not see him (fall), because the road curved at that point; but the established fact was that Osorio was found lying on the side of the road shot to death.

This is the version of the defendant, but from the evidence the jury had a right to believe from the testimony of eye-witnesses that the fatal shot proceeded from the defendant Rodríguez. The appellant in his brief discusses the case as if it were a matter of circumstantial evidence. He draws attention to the fact that the doctor testified that Osorio after he was shot could only have gone a short distance and from this testimony and perhaps more, the defendant constructed a theory that it was not demonstrated before the jury that the shot that killed Osorio proceeded from the defendant. The defendant argues that the supposed shot that proceeded from him was on any event fired before the deceased began to run and that therefore it must have been a subsequent shot that actually killed Osorio.

We agree with the *Fiscal* that the testimony of the doctor is perfectly consistent with the idea that Osorio after he received the shot, ran a short distance and indeed one or more of the witnesses testified to the fact that Osorio fell before

he turned a supposed curve and within a shorter distance than the doctor said he could go.

The evidence was unquestioned that the shot which killed Osorio was inflicted towards the front of his body and the evidence tended to show that he was turned towards the pursuing group before receiving the fatal shot and the inference was that the fatal shot could hardly have been inflicted when he was fleeing.

Likewise we agree with the *Fiscal* that the evidence tended to show that Rodríguez said "Let's shoot up these fellows from Santurce," and that the jury had the right to consider this testimony in determining the guilt of the defendant.

Neither of the parties has discussed the point, but it is questionable at least whether Rodríguez was not a principal even if he did not fire the shot that killed Osorio. Section 36, Penal Code; *People* v. *Vélez*, 32 P.R.R. 363.

When the defendant was arrested by the Chief of Police, he denied that he had any participation in the affray or that he had a revolver. At the trial he took the stand and similarly denied that he bore a revolver.

We find nothing in the record to show that the court or jury was actuated by prejudice.

The judgment should be affirmed.